IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN W. DILL                                                                                          PLAINTIFF

v.                                                                                   Cause No. 3:12-CV-139-CWR-FKB

TRANSAMERICA LIFE INSURANCE
COMPANY; LOYAL AMERICAN LIFE
INSURANCE COMPANY; GREAT
AMERICAN FINANCIAL RESOURCES;
BLUE CROSS BLUE SHIELD OF
ILLINOIS                                                                                            DEFENDANTS

**ORDER**

Pending before the Court is the plaintiff's motion to remand. Docket No. 10. The defendants oppose the motion. Docket Nos. 12-14. The motion will be denied.

John Dill filed a complaint in the Circuit Court of Smith County, Mississippi, alleging that the defendants failed to pay benefits for the care of Dill's late wife pursuant to one or more insurance policies. Docket No. 1-1, at 3-4. He claimed that the defendants' failures constituted a breach of their duty of good faith and fair dealing. *Id.* at 4. The defendants jointly removed the case to this Court, claiming the presence of a federal question. Docket No. 1.

Dill's motion summarily asserts that remand is appropriate. Docket No. 10. He cites no authority and provides no explanation for that conclusion; his two-page motion is a recitation of purported facts. *Id.* Dill also failed to file the supporting memorandum brief required by the Local Rules. L.U.Civ.R. 7(b)(4) ("At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion.").

The defendants' response explains that Dill seeks benefits from an employee welfare benefit plan governed by ERISA. Docket No. 12, at 2-3. His state law claim for their alleged failures to pay under that plan is therefore preempted by federal law, making federal question jurisdiction appropriate. *Id.*

"It is well established that state law claims are preempted if they 'relate to' an ERISA plan. ERISA's preemption clause states that ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan.'" *McNeil v. Time Ins. Co.*, 205 F.3d 179,

189 (5th Cir. 2000) (quoting 29 U.S.C. § 1144(a)).  "Under ERISA, an 'employee welfare benefit plan' is defined, in part, as 'any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits.'"  *Id.* (quoting 29 U.S.C. § 1002(1)).

The defendants' response brief and attached affidavit establish that the plan at issue is an employee welfare benefit plan.  Docket Nos. 12; 12-1.  Without argument or contrary evidence from the plaintiff, the Court concludes that the coverage in question derives from an ERISA plan.  It further finds that Dill's state law claim addresses his right to receive benefits from that ERISA plan.  *See id.* at 191.  The claim is therefore preempted by ERISA and "recast" as a federal cause of action, which establishes federal question jurisdiction in this Court.  *Blaylock v. Mut. of New York Life Ins. Co.*, 228 F. Supp. 2d 778, 787 (S.D. Miss. 2002) (citation omitted).

This conclusion should come as no surprise to counsel for plaintiff, considering his prior involvement in similar cases.  *E.g.*, *Sims v. Lumbermens Mut. Cas. Co.*, 789 F. Supp. 781, 783-84 (S.D. Miss. 1992) (denying plaintiff's motion to remand case alleging bad faith breach of ERISA-governed plan, and noting the "absence of any argument by plaintiff to the contrary").

The motion to remand is denied.

**SO ORDERED**, this the 30th day of May, 2012.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE